Curia, per

Butler, J.
In general, the process which the Sheriff acts under, contains his authority, and indicates his official obligations. In obeying the directions of the writ of capias, the sheriff is neither expressly authorized or in any wise required to receive money for the plaintiff. The writ of fi. fa. on the contrary, not only in express terms, confers the authority, but imposes on the sheriff, an official obligation to collect a specified sum for him. In this respect, a sheriff acts as the agent of the plaintiff, under an official power of attorney; and, therefore, money paid to the agent is a good payment for the principal. Under mesne process, the sheriff has no means *117 of ascertaining the amount of the debt, as the process has no reference to its collection. In such case, the sheriff would have to rely on the statement of the defendant, or apply to the attorney for the obligation, and which he would have no right to demand under any authority contained in the writ. It would seem, therefore, that a payment made by the defendant on such process, would be so much money paid to a person not authorized by the plaintiff to receive it, and should be regarded as having been received at the defendant’s risk. Such was certainly recognized to be the law before the Act of 1839. In the case of Childs vs. Holloway, 4 McCord, 164, Judge Waities held that a “sheriff had no authority to receive the money (in question) but what he derived from the execution.” It appeared in that case, that the deputy of the sheriff had received money from a defendant before judgment was entered up, but after .an order for judgment by the clerk. On a rule, the sheriff took the ground, that he was not responsible for a payment made to his deputy, until execution was lodged in his office for collection. And the judgment of the court turned entirely on the soundness of this position. It seems to me, that it could have made no difference if the deputy had received the money while he had a writ to be executed, there being no authority to demand payment till execution. This position is fully sustained by English authority. In Bidolph vs. Bruce, 12 Mod. Rep. 230, Holt says a sheriff has no power to receive money from the defendant on capias, for his business is only to execute his writ; and if, in such cases, a defendant paid the sheriff, and he after become insolvent and do not pay the plaintiff, such payment shall not excuse the defendant.
Has the Act of 1839, made any alteration in the general principles of law % The 21st. Sec. of that Act contains these words, “ If any sheriff shall fail to execute or return final process in any civil suit, or pay over money when demanded, that has come into his hands as sheriff, to the party entitled thereto, &c. <fcc. he shall be liable to be attached for contempt, <fec. <fec.” Under this clause, the sheriff is liable, in the summary proceeding by rule, for all monies that have come into his hands in virtute officii, in *118 other words, such as he has collected under legal authority. For the purpose of ascertaining his legal authority to collect, we must refer to the process under which he has acted. That alone should be his commission to effect the object of the law ; and as the writ contains no direction to the sheriff to collect money, his receiving it on such process, cannot be referred to his official authority as sheriff\ but must be regarded as an act done by his voluntary agency, and beside his commission, as much so as if he had collected money for the plaintiff on foreclosure of mortgage. In which case, the court would regard the matter as one of individual responsibility. Any other view of this subject would lead to a great confusion, so far as it regards the rights of plaintiffs, and the liabilities of securities. This may be a hard case on the defendant, as he, no doubt, honestly paid the amount of the note to the sheriff, under the impression that he was entirely discharged. Either he or the sheriff’s securities must suffer; and they have a right to say that they ought not to be liable for the sheriff’s delinquencies, except for his official acts. There seems, therefore, to be no other alternative but to let judgment go against the defendant, on the ground, that his payment to the sheriff on mesne process, was not a payment to the official agent of the plaintiff, acting under his authority. The motion to reverse the circuit decree is therefore granted.
Richardson, O’Neall, Evans and Wardlaw, JJ. concurred.